AO 247 (Rev. 11/11) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 3 (Page 3 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Middle District of Georgia

United States of America
v.
Elissa Moody

Case No: 7:20-CR-00005-003(TES)
7:21-CR-00032-002(LAG)

USM No: 12120-509

Date of Original Judgment: 06/22/2022
Date of Previous Amended Judgment: N/A
*(Use Date of Last Amended Judgment if Any)*

Jason Banks Moon
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of  ☒ the Defendant  ☐ the Director of the Bureau of Prisons  ☐ the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the Policy Statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable

**IT IS ORDERED** that the motion is:
☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of  210  months **is reduced to**  188  .

*(Complete Parts I and II of Page 2 when motion is granted)*

The defendant was originally sentenced on June 22, 2022, to a total term of imprisonment of 210 months (210 months each as to Docket No's. 7:20-CR-5-003(HL) and 7:21-CR-32-002(HL), to run concurrently to one another and consecutively to any term of imprisonment imposed in Berrien County Superior Court Case Nos. 21-CR-644 and 20-CR-624 and Berrien County Superior Case No. 19-CR-97 for violation of probation) after pleading guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine, 21 U.S.C. § 846 i/c/w 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), in both cases. When sentenced, the defendant's criminal convictions resulted in a subtotal criminal history score of two. Because she committed the instant offense while under a criminal justice sentence, two points were added, yielding a total criminal history score of four and a Criminal History Category III. Based on a Total Offense Level 35, the guideline imprisonment range was 210 to 262 months.

On November 1, 2023, amended Sentencing Guidelines went into effect that reduced criminal history "status points" (being under a criminal justice sentence at the time the offense is committed). Specifically, USSG §4A1.1(e) reduced the number of status points assessed to one point *if* the defendant receives seven or more points under subsections (a) – (d) and was under a criminal justice sentence at the time the instant offense was committed. This amended guideline was made retroactive effective February 1, 2024. Under the amendment, the defendant would not have received any "status points," her total criminal history score would be two, her Criminal History Category would be II, and based upon a Total Offense Level 35, her guideline imprisonment range would become 188 to 235 months. The government has advised probation it objects to any reduction, noting the defendant's sentence of 210 months is in the middle of the amended guideline imprisonment range. However, the government did not file any responses to the defendant's motion(s) for a sentence reduction.

Upon consideration of the amended guideline range and the factors set forth at 18 U.S.C. § 3553(a), the Court believes the defendant should be afforded the maximum benefit of the guideline amendment. Accordingly, the defendant's motions (Docs. 148 and 159) are **GRANTED** and the defendant's sentence(s) are each reduced to 188 months, to run concurrently to one another and consecutively to any term of imprisonment imposed in Berrien County Superior Court Case Nos. 21-CR-644 and 20-CR-624 and Berrien County Superior Case No. 19-CR-97 for violation of probation.

Except as otherwise provided, all provisions of the judgment dated  June 22, 2022  shall remain in effect.

**IT IS SO ORDERED**.

Order Date:  9/11/2024

S/ Tilman E. Self, III
*Judge's signature*

Effective Date:  
*(if different from order date)*

Tilman E. Self, III, U.S. District Judge
*Printed name and title*